IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKAYSIA PEARSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-05726-CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

On June 18, 2018, Coltrane Pearson, an inmate housed at the Salinas Valley State Prison, died after correctional officers intervened in an altercation between inmates. Four of Pearson's children filed 42 U.S.C. § 1983 and state claims against seven correctional officers ("Officer Defendants"), three of their supervisors ("Supervisor Defendants"), and the State of California. This Court allowed only the following claims (against the Officer Defendants): Section 1983 claims for excessive force and deprivation of familial relationship; and state claims for wrongful death and the Bane Act. See Order on MTD SAC (dkt. 28). The Court does not revisit its conclusions as to these claims (Claims 1, 4, 7-8, and 9, respectively) articulated in the prior order.

In their third amended complaint, Plaintiffs also raise claims that this Court dismissed with leave to amend: a Section 1983 claim that Defendants failed to protect Pearson; a Section 1983 claim and a state claim that Defendants denied Pearson medical care; Section 1983 claims against the Supervisor Defendants for failure to train and following unconstitutional customs; and state claims against the Supervisor Defendants for negligence. See TAC (dkt. 29). Of these, the Court DENIES the motion to dismiss as to two claims (Section 1983 and negligence) against the Supervisor Defendants, cabined to

the theory that they failed to train the Officer Defendants about positional asphyxia (Claims 5 and 9). The Court GRANTS Defendants' motion as to all other claims and denies leave to amend.

## I. BACKGROUND

### A. The Parties

Plaintiffs are four of Pearson's children (N.P., Coltrane Jr., K.P., and Akaysia). TAC ¶¶ 5-8. All reside in California and sue in their individual capacities and as successors-in-interest. Id. N.P., Pearson's daughter, is a minor who brings her claims through her guardian ad litem Galina Harsh. Id. ¶ 5. K.P., Pearson's daughter, is a minor who brings her claims through her guardian ad litem Danielle Singleton. Id. ¶ 7. Coltrane Jr. is Pearson's son and is not a minor. Id. ¶ 6. Akaysia is Pearson's daughter and is not a minor. Id. ¶ 8.

The Officer Defendants, correctional officers at the Prison, are: Otto Aragon, D. Delgadillo, Max Gallegos, P.R. Hernandez, Lee Martin, Alfredo Torres-Quezada, and Brian Williams. Id. ¶¶ 10-16. The Supervisor Defendants are "managerial, supervisorial, and policymaking employee[s]" of the Prison: Sergeant Marylou Carrillo, Sergeant Valencia Houston, and Lieutenant Jose Ruiz. Id. ¶ 17-19.

### B. Pearson's Death

On June 18, 2018, at around 4:25 p.m., "an altercation occurred between [Pearson] and his cellmate wherein [Pearson] was assaulted by his cellmate." Id. ¶ 30. "[F]ollowing or during" that altercation, Officer Williams used two bursts of pepper spray on Pearson. Id. ¶ 30. "Immediately after the pepper spray was deployed," Officers Aragon and Williams "pinned [Pearson] up against his cell door, dragged him out of the cell, and forced [him] to the ground in a prone position and put pressure and weight on [his] back and neck." Id. ¶ 31. Officers Delgadillo, Gallegos, Hernandez, and Martin "applied pressure and weight to various parts of [his] body while he was in the prone position, interfering with his ability to breathe." Id. Officers Aragon and Williams handcuffed him and Officers Delgadillo and Martin put him in leg restraints. Id. While Pearson "remained

handcuffed and his legs remained restrained by leg restraint devices," Officers Aragon, Delgadillo, Hernandez, Martin, Torres-Quezada, and Williams lifted Pearson by his arms and legs. Id. These officers then "dropped [Pearson] to the ground, causing [him] to suffer blunt force injury when his head hit the floor." Id. Plaintiffs allege that "Supervisor Defendants were all present during the multiple uses of force against [Pearson] and all failed to intervene at any point." Id. ¶ 34.

Pearson became unresponsive at 4:35 p.m. Id. ¶ 33. He "did not receive any medical treatment or life saving measures until 4:38 p.m." Id. ¶ 35. Pearson died at 5:08 p.m. Id. ¶ 28. Plaintiffs allege that "[t]he post-mortem autopsy concluded that [Pearson] suffered from multiple blunt force injuries, including subcutaneous and intramuscular contusions to the neck, torso, and extremities, cutaneous abrasions, and rib fractures." Id. ¶ 32. This pattern of injury "is consistent with the cause of death being restraint asphyxia secondary to excessive force and restraints, including the use of pepper spray and prolonged restrained in a prone position, including with hands cuffed, legs restrained, and weight and pressure on the back." Id.

### C. Procedural History

On July 18, 2019, Plaintiffs filed this complaint in state superior court. Plaintiffs filed their second amended complaint on July 15, 2020. On August 14, the State removed the case to federal court. See dkt. 1. Defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). See Mot. (dkt. 21); Reply (dkt. 26). The Court granted the motion in part and provided Plaintiffs with leave to amend. See Order on SAC. Plaintiffs then filed this third amended complaint.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) applies when a complaint lacks either "a cognizable legal theory" or "sufficient facts alleged" under such a theory. Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019). Whether a complaint contains sufficient factual allegations depends on whether it pleads

3

enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. When evaluating a motion to dismiss, the Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

Of the claims raised anew in this complaint, Plaintiffs state only Claims 5 and 9 against the Supervisor Defendants, limited to the theory that they failed to train the Officer Defendants about positional asphyxia.

#### A. Failure to Protect (Claim 2)

The Court dismisses Plaintiffs' failure-to-protect claim as insufficiently pleaded. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (a prison official acts with deliberate indifference as to his duty to protect prisoners if he "knows of and disregards an excessive risk to inmate health or safety"). As in their prior complaint, Plaintiffs allege that Defendants were deliberately indifferent to their duty by housing Pearson with his cellmate. But Plaintiffs still set forth no specific facts suggesting that any defendant knew

4

of any excessive risk posed by Pearson's cellmate. See, e.g., TAC ¶ 55 ("On information and belief, Defendants had a consciousness that [Pearson's] cellmate had a propensity for violence and presented an excessive risk of harm and violence to [Pearson]."). As the complaint includes no new facts and the Court has already dismissed this claim once for the same reason, the Court denies leave to amend. See Leadsinger, 512 F.3d at 532.

### B.  Denial of Medical Care (Claims 3 and 10)

The Court also dismisses Plaintiffs' claims premised on Defendants' alleged deliberate indifference to Pearson's serious medical needs. See Conn v. City of Reno, 591 F.3d 1081, 1094-95 (9th Cir. 2010), vacated in part on other grounds (setting out the requirements for this Section 1983 claim); Watson v. State of Cal., 21 Cal. App. 4th 836, 841-42 (1993) (setting out the elements of a failure-to-summon-medical-care claim under California Government Code § 845.6).

In its last order, the Court held that Plaintiffs "fail[ed] to plead that any official delayed the response or otherwise interfered with treatment, which began three minutes [after he became unresponsive at 4:35 p.m.]." Order at 8 (citations omitted). "Without more, the three-minute delay . . . does not plausibly suggest deliberate indifference." Id. at 9. So too here. Plaintiffs allege no specific facts suggesting either (1) that Pearson's serious medical needs were clear to any defendant before 4:35 p.m., or (2) that after those serious medical needs were clear (at 4:35 p.m.) any defendant delayed or denied medical care. As the Court previously dismissed these claims on the same ground, the Court now denies leave to amend.

### C.  Supervisor Defendants (Claims 5, 9, and 6)

The Court finds that Plaintiffs have sufficiently alleged a Section 1983 claim and a state negligence claim against the Supervisor Defendants only as to their alleged failure to train the Officer Defendants about positional asphyxia (Claims 5 and 9). All other claims against the Supervisor Defendants are dismissed without leave to amend.

A supervisor is liable under Section 1983 for constitutional violations of subordinates only "if he or she was personally involved in the constitutional deprivation or

1  a sufficient causal connection exists between the supervisor's unlawful conduct and the
2  constitutional violation." Lemire v. California Dep't of Corr. & Rehab., 726 F.3d 1062,
3  1074–75 (9th Cir. 2013) (quotation and citation omitted).  A supervisor can be liable "for
4  own culpable action or inaction in the training, supervision, or control of his subordinates;
5  for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless
6  or callous indifference to the rights of others." Starr v. Baca, 652 F.3d 1202, 1208 (9th
7  Cir. 2011) (quoting Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998)).

      Plaintiffs have sufficiently pleaded a claim against the Supervisor Defendants on the theory that they failed to train the Officer Defendants in the risks of positional asphyxia.  The Court previously dismissed this claim because Plaintiffs did not sufficiently describe the Supervisor Defendants' alleged failures.  See Order at 10.  Plaintiffs now more clearly allege that they failed to train the Officer Defendants in "the risks of positional and/or restraint asphyxia . . . as well as the risks of restraining a person in a prone position with weight on his back."  TAC ¶ 89.  Although these allegations remain somewhat vague, the Court acknowledges that it is difficult at this stage for Plaintiffs to allege precise details as to which Supervisor Defendants participated (and how) in training the Officer Defendants.  For now, Plaintiffs have alleged that the Supervisor Defendants took "culpable action or inaction in the training, supervision, or control of subordinates" that led to Pearson's injury.[1]  Starr, 652 F.3d at 1208.

      However, the Court dismisses Plaintiffs' Section 1983 claim based on the allegations that the Supervisor Defendants engaged in other unconstitutional customs and policies.  Although Plaintiffs allege somewhat more specific policies than they did in the previous complaint, they remain too vague.  See Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012).  The only allegations that come close to describing a specific policy merely

---

[1] Of course, the factual record may reveal that some or all of the Supervisor Defendants were not responsible for training—or that any putative lapses in training did not rise to the level of constitutional harm.  Supervisory liability attaches "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [prison guards] come into contact." Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)).

1  repeat their "failure to train" claim as to positional asphyxia. See, e.g., TAC ¶ 100(b). As
2  further amendment would be futile, Claim 6 is dismissed without leave to amend.
3        The Court previously permitted Plaintiffs' state negligence claim (Claim 9) only
4  against the Officer Defendants. In their amended complaint, Plaintiffs allege that the
5  Supervisor Defendants were also negligent in failing to train their subordinates. TAC
6  ¶¶ 116-19. Individual public-employee defendants cannot be held vicariously liable under
7  California law. See Cal. Gov't Code § 820.8. However, they may still be liable for their
8  own negligent acts. The Court therefore permits a negligence claim against the Supervisor
9  Defendants, but only as to their alleged failure to train their subordinates in the risks of
10  positional asphyxia. See TAC ¶ 117(d).

### D. Other Issues

The Court agrees with Defendants on several remaining points of law. First, Plaintiffs may not recover punitive damages here, as such damages are only available in a wrongful death claim "based upon a death which resulted from a homicide for which the defendant has been convicted of a felony." Cal. Civ. Code § 3294(d). Second, Plaintiffs may not sue the defendants in their official capacities. Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997). Third, the Court reiterates to Plaintiffs that wrongful-death damages are not available for Section 1983 claims. See Order at 11 n.4 (citing Est. of Lopez ex rel. Lopez v. Torres, 105 F. Supp. 3d 1148, 1159 (S.D. Cal. 2015)).

### IV. CONCLUSION

For the reasons given in this order and the previous one, the Court DENIES the motion to dismiss with respect to Claims 1, 4, 7, 8, and 9 (against the Officer Defendants) and Claim 5 and 9 (against the Supervisor Defendants, only as to their alleged failure to train the Officer Defendants about positional asphyxia). The Court GRANTS the motion as to all other claims. As amendment would be futile, the Court denies leave to amend.

**IT IS SO ORDERED.**

Dated: April 26, 2022



CHARLES R. BREYER
United States District Judge

7