UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| AKAYSIA PEARSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 20-cv-05726-CRB (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 44 |

    The defendants moved to compel a nonparty John Hiserodt's s compliance with a subpoena issued to him to produce information about a second-opinion autopsy that he performed — at the request of the guardian ad litem for plaintiff N.P — on decedent Coltrane Pearson.[1] The trial judge previously referred discovery disputes to the undersigned, and the court gave notice of its discovery-dispute procedures.[2]

    For clarity, for the purposes of third-party subpoenas and discovery disputes, the court's standing order's instructions to "parties" is meant to refer to the participants in a third-party discovery dispute (even if they are not formal parties to the underlying litigation). The court views the joint-letter-brief process as more efficient than the five-week motion process because parties

---

[1] Mot. – ECF No. 44. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Orders – ECF Nos. 41, 43.

ORDER – No. 20-cv-05726-CRB (LB)

can (1) talk with each other, see each other's positions, try to find areas of compromise, and work out disputes amongst themselves, and (2) narrow, sharpen, and focus the issues they cannot resolve before they present those issues to the court. *See Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-cv-00561-WHO (LB), 2018 WL 2294281, at *1 (N.D. Cal. May 21, 2018). It usually is faster to file a letter brief. The approach also avoids sanctions because the more streamlined process usually resolves the disputes without a formal motion to compel. The court hopes that parties (and third parties) approach the process in good faith.

The court directs the parties to engage in that process. Because the defendants describe their unsuccessful attempt to resolve the dispute informally, the court does not follow its customary practice of denying the motion without prejudice in favor of the letter-brief process.[3] The motion remains on calendar, and the briefing schedule remains in effect. But the court hopes that the pending motion provides some incentive for the parties to work out the dispute next week.

**IT IS SO ORDERED.**

Dated: September 18, 2022

LAUREL BEELER
United States Magistrate Judge

---

[3] Mot. – ECF No. 44 at 2.