**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AKAYSIA PEARSON, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> STATE OF CALIFORNIA, et al., <br><br> Defendants - Appellees. | No. 23-15750 <br><br> D.C. No. 3:20-cv-05726-CRB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted October 9, 2024**
San Francisco, California

Before: KOH, JOHNSTONE, Circuit Judges, and SIMON, District Judge.***

Petitioners, children of Coltrane Pearson, brought this action under the

Eighth and Fourteenth Amendments of the United States Constitution against

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

seven Salinas Valley State Prison Officers Aragon, Delgadillo, Gallegos, Hernandez, Martin, Torres-Quezada, and Williams ("Officers"). In this timely appeal, Petitioners challenge the district court's grant of summary judgment in favor of the Officers based on qualified immunity. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the district court's grant of summary judgment based on qualified immunity. *Johnson v. Cnty. of L.A.*, 340 F.3d 787, 791 (9th Cir. 2003). We affirm.

Petitioners argue that the district court did not view the facts in the light most favorable to them, as the district court is required to do when considering a motion for summary judgment. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Petitioners claim that in failing to do so, the district court incorrectly found that there was no genuine dispute of material fact. We disagree. Even viewing the facts in the light most favorable to Petitioners, the Officers would still be entitled to qualified immunity.

Qualified immunity involves a two-part inquiry at the summary judgement stage. *See Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014). First, the court asks whether, viewing the facts in the light most favorable to the non-moving party, a government official's conduct violated a federal right. *Id.* Second, the court asks whether that federal right "was clearly established" at the time of the alleged violation. *White v. Pauly*, 580 U.S. 73, 77 (2017). Courts can address the prongs in

either order; and, if there is no genuine dispute on either inquiry, the defendant is entitled to summary judgment. *Pearson v. Callahan*, 555 U.S. 223, 242 (2009). The district court analyzed only the second prong and concluded that the plaintiffs did not identify controlling precedent or facts demonstrating the Officers violated clearly established law. We too only analyze the second prong, as it is dispositive in this case.

Under the second prong of the qualified immunity analysis, "[g]overnment officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The plaintiff bears the burden of pointing to prior case law that articulates a constitutional rule specific enough to alert these officers in this case that their particular conduct was unlawful." *Hughes v. Rodriguez*, 31 F.4th 1211, 1223 (9th Cir. 2021) (internal citation omitted).

Here Petitioners allege that the Officers used excessive force against Pearson in violation of the Eighth Amendment. For any claims under the Eighth Amendment related to prison disturbances, the Supreme Court has held that "[w]here a prison security measure is undertaken to resolve a disturbance . . . that indisputably poses a significant risk to the safety of inmates and prison staff" the inquiry "ultimately turns on 'whether force was applied in a good faith effort to

maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). We extended *Whitley* and held that "*whenever* prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *LeMaire v. Maass*, 12 F.3d 1444, 1453 (9th Cir. 1993) (emphasis in original). Therefore, the malicious and sadistic standard applies in the present case.

Here, Petitioners rely exclusively on Fourth Amendment cases. The Fourth Amendment inquiry "is one of 'objective reasonableness' under the circumstances, and subjective concepts like 'malice' and 'sadism' have no proper place in that inquiry." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (internal citation omitted). Therefore, Petitioners, by relying on inapposite Fourth Amendment cases, fail to show that the Eighth Amendment right violated was "clearly established" so that a "reasonable official would have understood that what he was doing violated that right." *Isayeva v. Sacramenta Sheriff's Dep't*, 872 F.3d 938, 946 (9th Cir. 2016). And based on the evidence presented, plaintiffs cannot meet the malicious and sadistic standard, which they seem to concede by failing to argue as such.

In the light most favorable to Petitioners, there are no genuine issues of material fact, and the district court properly granted summary judgment in favor of the Officers.

**AFFIRMED.**